UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ELMER PHIFER,

    Plaintiff,

v.                                                  Case No. 1:14-CV-4

COMMISSIONER OF SOCIAL           HON. GORDON J. QUIST
SECURITY,

    Defendant.
_____/

**OPINION**

This is an action pursuant to Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. For the reasons set forth below, the court will affirm the Commissioner's decision to deny benefits.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits,

and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was born on November 22, 1960, and worked as an auto assembler for General Motors from 1984 through 2007. (Tr. 65, 70.) Plaintiff filed a protective application for Title II disability insurance benefits on September 18, 2007, alleging disability beginning January 18, 2007. (Tr. 62.) After the claim was initially denied, Plaintiff requested a hearing. On March 25, 2010, Administrative Law Judge (ALJ) Karen Sayon held a hearing, and on July 26, 2010, ALJ Sayon issued a decision finding that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 71.) ALJ Sayon found that Plaintiff retained a residual functional capacity

(RFC) to perform light work,[1] except that Plaintiff could only occasionally climb and push or pull with both arms, and he must avoid exposure to vibration. (Tr. 65.)

On July 2, 2011, Plaintiff protectively filed another application for Title II disability insurance benefits, alleging disability beginning on September 29, 2008. (TR. 20, 75.) Plaintiff alleged disability based on neck spasms down the arms into his hands and hips. (Tr. 75.) The claim was initially denied on October 28, 2011, and Plaintiff requested a hearing. On September 7, 2012, ALJ Paul W. Jones held a hearing, at which Plaintiff and an impartial vocational expert testified. (TR. 20.) On October 10, 2012, ALJ Jones issued a written decision concluding that Plaintiff was not disabled. (Tr. 20–27.) The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-3.) Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[2] If the Commissioner can make a

---

[1] Light work involves lifting "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567. Furthermore, work is considered "light" when it involves "a good deal of walking or standing," defined as "approximately 6 hours of an 8-hour workday." 20 C.F.R. § 404.1567; Titles II and XVI: Determining Capability to do Other Work - the Medical-Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 31251 at *6 (S.S.A., 1983); *Van Winkle v. Comm'r of Soc. Sec.*, 29 Fed. Appx. 353, 357 (6th Cir., Feb. 6, 2002).

[2]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The Plaintiff bears the burden of establishing the right to benefits, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ first applied the doctrine of *res judicata* to ALJ Sayon's prior opinion and concluded that Plaintiff was not disabled through July 26, 2010—the date of the prior decision. (Tr. 20.) Applying the five-step sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date and that Plaintiff suffers from spinal degenerative disease and a right wrist cyst, severe impairments that, whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 24-25).

The ALJ next determined Plaintiff's RFC, and explained that pursuant to *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), and Social Security Acquiescence

Ruling 98-4(6), 1998 WL 283902, he was required to adopt the RFC determination from the prior adjudication unless there was "new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." (Tr. 23.) The ALJ thus determined that Plaintiff retained the RFC to perform light work, except that he could only occasionally climb and push or pull with both arms, and he must avoid all exposure to vibration. (*Id.*)

The ALJ found that Plaintiff could not perform his past relevant work, at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. Based upon testimony from the vocational expert, the ALJ found that given Plaintiff's age, education, work experience, and RFC, there existed jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 26.) The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

## DISCUSSION

### I. Psychological Assessment

Plaintiff first contends that the Commissioner erred as a matter of law in failing to obtain a psychological assessment as required by 42 U.S.C. § 421(h), which provides:

> (h) Evaluation of mental impairments by qualified medical professionals
>
> An initial determination under subsection (a), (c), (g), or (i) of this section that an individual is not under a disability, in any case where there is evidence which indicates the existence of a mental impairment, shall be made only if the Commissioner of Social Security has made every reasonable effort to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment.

42 U.S.C. § 421(h). Plaintiff contends that the Commissioner improperly ignored this requirement in the face of "multiple findings of depression by treating physicians." (Dkt. # 13 at Page ID#395.)

5

Plaintiff's argument lacks merit. The claimant bears the burden of producing a complete medical record. *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986). An ALJ "has broad latitude in ordering a consultative examination," *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir. 1990), but the ALJ is not required to do so "unless the record establishes that such an examination is *necessary* to enable the [ALJ] to make the disability decision." *Landsaw*, 803 F.2d at 214 (quoting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977) (italics in original)). At the initial administrative stage, Jerry Csokasy, Ph.D., opined that Plaintiff did not have any mental medically determinable impairments. (TR. 79.) Dr. Csokasy noted that Plaintiff was not limited in his activities of daily living, there was no indication he was on psychological medication, and his mental status examinations were routinely normal. (*Id.*) Dr. Csokasy's review satisfied the requirements of 42 U.S.C. § 421(h). *See Smith v. Comm'r of Soc. Sec.*, No. 1:08-CV-152, 2009 WL 385543, at *4 (W.D. Mich. Jan. 28, 2009). Moreover, Plaintiff fails to cite any evidence in the administrative record contradicting Dr. Csokasy's conclusions.

**II.     Plaintiff's Obesity**

Plaintiff next argues that the Commissioner committed reversible error by failing to consider Plaintiff's obesity as an impairment. This argument also lacks merit for several reasons. When an ALJ makes a finding of severity as to even one impairment, "an ALJ's failure to find additional severe impairments at step two does not constitute reversible error." *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) (internal quotation marks omitted). More importantly, Plaintiff fails to point to any evidence in the record to show that Plaintiff's obesity was a medically determinable impairment. Plaintiff did not allege obesity when he listed the impairments that contributed to his alleged disability, (TR 75), his medical records from his treating physician, Dr. Kozlowski, do not contain a diagnosis of obesity or of any limitations resulting from such condition, and Plaintiff did not testify about limitations from obesity at the hearing before ALJ Jones. (Tr.

36–50, 51–57.) Accordingly, the ALJ did not err in failing to consider Plaintiff's obesity. *See Swartz v. Comm'r of Soc. Sec.*, No. 1:07-CV-771, 2008 WL 2952021, at *4 (W.D. Mich. July 29, 2008) ("The absence of a diagnosis of obesity by any treating or examining physician provides compelling evidence that plaintiff was not obese, and that plaintiff did not suffer from obesity-related functional restrictions.").

### III. Failure to Properly Evaluate the Opinion Evidence

Plaintiff's final argument is that the ALJ erred in ignoring the opinion of his treating physician, Dr. Kozlowski. Plaintiff argues that the ALJ was essentially bound to give Dr. Kozlowski's opinion controlling weight because there is no medical opinion in the record that rebuts Dr. Kozlowski's opinion. (Dkt. # 13 at Page ID#398.)

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979, at *2 (6th Cir. Nov. 7, 1991) (citing *Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979 at *2 (6th

7

Cir. Nov. 7, 1991) (citing *Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 F.. App'x 448, 450 (5th Cir. 2007).

In this case, Plaintiff's assessed RFC differed from Dr. Kozlowski's opinion in that Dr. Kozlowski did not opine that Plaintiff could lift more than ten pounds. (Tr. 337.) The ALJ

8

explained that he gave Dr. Kozlowski's opinion partial weight because it was not supported by clinical examination notes and the medical records did not support the degree of lifting limitation that Dr. Kozlowski specified.  (Tr. 25.)  The ALJ also noted that Plaintiff had seen Dr. Kozlowski only on a yearly basis or less since April 2010.  (*Id.*) The ALJ's consideration of the treating source opinion is thus supported by substantial evidence.  Moreover, contrary to Plaintiff's argument, Dr. Kozlowski's opinion is not the sole medical opinion in the record because State agency consultant Myung Ho Hahn rendered an opinion on October 18, 2011, consistent with the ALJ's RFC finding, concluding that there was no evidence of significant interim worsening of Plaintiff's condition since the prior ALJ decision.  (Tr. 82.)  Thus, Plaintiff has failed to show either that the ALJ's decision to accord Dr. Kozlowski's opinion less than full weight was not supported by substantial evidence or that the ALJ failed to articulate good reasons for discounting Dr. Kozlowski's opinion that Plaintiff could not lift more than ten pounds frequently.

Accordingly, the Court concludes that substantial evidence supports the Commissioner's denial of benefits.

## **CONCLUSION**

For the foregoing reasons, the Court will affirm the Commissioner's decision to deny Plaintiff disability insurance benefits.

An Order consistent with this Opinion will enter.


Dated:  March 31, 2015                             /s/ Gordon J. Quist
                                               GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE